UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISON

DANIEL LLOYD HOWARD,

  Petitioner,

v.

PEOPLE OF THE STATE OF CALIFORNIA,

  Respondent.

Case No. 16-cv-4759-NJV (PR)

**ORDER GRANTING MOTION TO STAY AND ADMINISTRATIVELY CLOSING CASE**

Dkt. Nos. 10, 13

Petitioner, a California prisoner, proceeds with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner originally filed a motion for stay but no petition. The motion for a stay was dismissed with leave to amend and petitioner was ordered to file a petition. He has now filed an amended petition which contains a motion to stay. (Doc. 13.)I

**BACKGROUND**

Petitioner was found guilty of one count of first degree murder, one count of conspiracy to commit murder, two counts of attempted murder, one count of criminal threats, and one count of kidnapping. *People v. Howard*, No. A139179, 2015 WL 7736634, at *1 (Cal. Ct. App. Nov. 30, 2015). The California Court of Appeal affirmed the two counts of attempted murder, the count of criminal threats, and the kidnapping count. *Id*. at 24. The court reversed the first degree murder and the conspiracy to commit murder convictions. *Id*. The court stated that if the prosecution elects not to retry the first degree murder charge, the judgment will be modified to be a second degree murder conviction. The case was remanded to the trial court to either retry the charges or modify the judgment. *Id*. The California Supreme Court denied the petition for review on March 9, 2016. It is not clear if petitioner will be retried on the murder and conspiracy counts.

## DISCUSSION

**Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner . . . [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**Legal Claims**

As grounds for federal habeas relief, petitioner asserts that: (1) the trial court's denial of his motion to sever various counts violated due process; (2) the prosecution abused its discretion by joining various counts; (3) it was a due process violation to mandate retrial on the reversed counts; (4) appellate counsel was ineffective; (5) trial counsel was ineffective; (6) there was prosecutorial misconduct; and (7) the trial court abused its discretion by not hearing certain motions together. Plaintiff states that the first claim is exhausted but the remaining claims are unexhausted.

In *Rhines v. Weber*, 544 U.S. 269 (2005) the United States Supreme Court found that a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that good cause is shown for a failure to have first exhausted the claims in state court, that the claim or claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. *Rhines*, *supra*, at 277-78.

Liberally construing the motion, petitioner has shown good cause for his failure to exhaust the claims before filing this action, the claims do not appear patently meritless, and there does not appear to be any intentionally dilatory litigation tactic by petitioner. Petitioner is informed that

before he may challenge either the fact or length of his confinement in a habeas petition in this court, he must present to the California Supreme Court any claims he wishes to raise in this Court. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted).

## CONCLUSION

1. Petitioner's motion (Docket No. 10) is **DENIED** as moot.

2. Petitioner's motion for a stay (Docket No. 13) is **GRANTED** and this case is **STAYED** to allow petitioner to present his unexhausted claims in state court. If petitioner is not granted relief in state court, he may return to this court and ask that the stay be lifted.

3. The stay is subject to the following conditions:

(1) Petitioner must diligently pursue his state court habeas proceedings; and

(2) Petitioner must notify this court within thirty days after the state courts have completed their review of his claim or after they have refused review of his claims.

If either condition of the stay is not satisfied, this Court may vacate the stay and act on this petition. *See Rhines v. Webber*, 544 U.S. 269, 278 (2005) (district court must effectuate timeliness concerns of AEDPA by placing "reasonable limits on a petitioner's trip to state court and back.").

The Clerk shall administratively close this case. The closure has no legal effect; it is purely a statistical matter. The case will be reopened and the stay vacated upon notification by petitioner in accordance with section (3) above.

4. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: May 19, 2017

_____
NANDOR J. VADAS
United States Magistrate Judge