UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISON

| | |
|---|---|
| DANIEL LLOYD HOWARD, <br> Petitioner, <br> v. <br> PEOPLE OF THE STATE OF CALIFORNIA, <br> Respondent. | Case No. 16-cv-4759-RMI (PR) <br><br> **ORDER DENYING MOTIONS WITH LEAVE TO AMEND** <br><br> Dkt. Nos. 19, 20 |

Petitioner, a California prisoner, proceeds with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was stayed so petitioner could exhaust further claims. (Doc. 14.) He has now filed motions to lift the stay. (Doc. 19, 20.)

**BACKGROUND**

Petitioner was found guilty of one count of first degree murder, one count of conspiracy to commit murder, two counts of attempted murder, one count of criminal threats, and one count of kidnapping. *People v. Howard*, No. A139179, 2015 WL 7736634, at *1 (Cal. Ct. App. Nov. 30, 2015). The California Court of Appeal affirmed the two counts of attempted murder, the count of criminal threats, and the kidnapping count. *Id*. at 24. The court reversed the first degree murder and the conspiracy to commit murder convictions. *Id*. The court stated that if the prosecution elects not to retry the first degree murder charge, the judgment will be modified to be a second degree murder conviction. The case was remanded to the trial court to either retry the charges or modify the judgment. *Id*. The California Supreme Court denied the petition for review on March 9, 2016. It is not clear if petitioner will be retried on the murder and conspiracy counts.

**DISCUSSION**

**Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner . . . [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**Legal Claims**

Petitioner states that on two separate occasions he submitted petitions to the California Supreme Court, but he never received confirmation that his petitions were filed. Petitioner argues that he has exhausted his claims due to the California Supreme Court's unresponsiveness.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982).

In this case it does not appear that the California Supreme Court has been provided an opportunity to rule on the claims and the stayed claims remain unexhausted. Petitioner's allegations that he sent filings to the court are insufficient to demonstrate exhaustion. The court notes that petitioner previously informed this court that he submitted his petitions to the Alameda County Superior Court. Docket No. 16. Furthermore, this court has reviewed the California Supreme Court docket and while petitioner's earlier cases have been located, there is no record of

any petition being filed after this case was stayed. Petitioner shall inform the court if he has any California Supreme Court docket number or if he filed the cases using a different name. Otherwise, petitioner can elect to voluntarily dismiss the unexhausted claims and the case will continue on the exhausted claim or claims.[1] Or petitioner can continue to exhaust these claims in state court and the stay will continue. Petitioner is again informed that before he may challenge either the fact or length of his confinement in a habeas petition in this court, he must present to the California Supreme Court any claims he wishes to raise in this court.

## CONCLUSION

1. Petitioner's motions to lift the stay (Docket Nos. 19, 20) are **DENIED** without prejudice. Within **twenty-eight days** of service of this order petitioner must file an amended motion describing how he wishes to proceed with respect to the options discussed above.

2. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: April 11, 2018

ROBERT M. ILLMAN
United States Magistrate Judge

---

[1] In prior orders the court identified the exhausted claim that petitioner sought to present. If petitioner now argues there are many other additional claims that were previously exhausted he must demonstrate these claims were previously presented to the California Supreme Court on direct review.

3