UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISON

DANIEL LLOYD HOWARD,

    Petitioner,

v.

PEOPLE OF THE STATE OF CALIFORNIA,

    Respondent.

Case No. 16-cv-4759-RMI (PR)

**ORDER GRANTING MOTION**

Dkt. No. 25

Petitioner, a California prisoner, proceeds with a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was stayed so petitioner could exhaust further claims.

## BACKGROUND

Petitioner was found guilty of one count of first degree murder, one count of conspiracy to commit murder, two counts of attempted murder, one count of criminal threats, and one count of kidnapping. *People v. Howard*, No. A139179, 2015 WL 7736634, at *1 (Cal. Ct. App. Nov. 30, 2015). The California Court of Appeal affirmed the two counts of attempted murder, the count of criminal threats, and the kidnapping count. *Id*. at 24. The court reversed the first degree murder and the conspiracy to commit murder convictions. *Id*. The court stated that if the prosecution elects not to retry the first degree murder charge, the judgment will be modified to be a second degree murder conviction. The case was remanded to the trial court to either retry the charges or modify the judgment. *Id*. The California Supreme Court denied the petition for review on March 9, 2016. It is not clear if petitioner will be retried on the murder and conspiracy counts.

**DISCUSSION**

**Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner . . . [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**Legal Claims**

The court previously denied petitioner's motion to lift the stay. Petitioner stated that on two separate occasions he submitted petitions to the California Supreme Court, but he never received confirmation that his petitions were filed. Petitioner argued that he has exhausted his claims due to the California Supreme Court's unresponsiveness. The court found that argument unavailing and noted that petitioner was required to present his claims to the California Supreme Court in order to exhaust the claims.

The court provided petitioner with several options. He could provide more information such as any California Supreme Court docket numbers or inform the court if he filed cases using a different name. Petitioner was also provided the option to elect to voluntarily dismiss the unexhausted claims and the case will continue on the exhausted claim or claims. Or petitioner could continue to exhaust these claims in state court and the stay will continue. Petitioner has provided a response.

Petitioner provides a copy of his prison mail log. While it includes filings sent to this court, various superior courts, the California Appeals Court, the California State Bar and several

other organizations, it does not reflect any mailings to the California Supreme Court. It remains unclear if petitioner has submitted any filings to the California Supreme Court. Petitioner has also requested that the stay be continued.

**CONCLUSION**

1. Petitioner's motion (Docket No. 25) is **GRANTED** and the stay continues. If petitioner is not granted relief in state court, he may return to this court and ask that the stay be lifted.

2. The stay is subject to the following conditions:

(1) Petitioner must diligently pursue his state court habeas proceedings; and

(2) Petitioner must notify this court within thirty days after the state courts have completed their review of his claim or after they have refused review of his claims.

If either condition of the stay is not satisfied, this Court may vacate the stay and act on this petition. *See Rhines v. Webber*, 544 U.S. 269, 278 (2005) (district court must effectuate timeliness concerns of AEDPA by placing "reasonable limits on a petitioner's trip to state court and back.").

3. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: June 6, 2018

ROBERT M. ILLMAN
United States Magistrate Judge