UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LLOYD HOWARD,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM SULLIVAN, Acting Warden,[1]<br><br>Respondents. | Case No. 16-cv-04759-YGR (PR)<br><br>**ORDER GRANTING RESPONDENT'S REQUEST FOR AN EXTENSION OF TIME TO FILE ANSWER; AND GRANTING IN PART AND DENYING IN PART PETITIONER'S REQUEST TO AMEND ORDER TO SHOW CAUSE** |

Petitioner, a California prisoner proceeding *pro se*, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. In an Order dated March 11, 2019, Magistrate Judge Robert M. Illman ordered Respondent to show cause why the petition should not be granted. Dkt. 32.

Before the Court is Respondent's request for an extension of time to file his answer. Dkt. 38. Good cause being shown, the Court hereby GRANTS Respondent's request for an extension of time, and the parties are directed to abide by the briefing schedule outlined below.

Also before the Court is Petitioner's "Request to Amend Order for Respondent to Show Cause," in which he requests as follows: (1) in the Background section, replacing the sentence "It is not clear if petitioner will be retried on the murder and conspiracy counts" with the sentence, "The petitioner was not retried on the murder and conspiracy counts"; (2) in the Legal Claims section, replacing the description of claim 3 as "it was a due process violation to mandate retrial on the reversed counts" with "it was a due process violation to not mandate retrial on the reversed counts"; (3) grant Petitioner's request for a de novo review of claim 1 (the prosecution abused its discretion by joining various counts) and claims 6 and 12 (the trial court's denial of the motion to sever various counts violated due process); and (4) reinstate claim 8 (the state appellate courts erred by reversing the first degree murder charge and allowing the prosecution the option of modification to second degree murder when there were jury instruction errors). Dkt. 33.

---

[1] William Sullivan, the current acting warden of the prison where Petitioner is incarcerated, has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

Respondent does not oppose Petitioner's first two requests that the Court amend the March 11, 2019 Order to Show Cause to reflect that Petitioner was not retried on the murder and conspiracy counts, and to accurately represent the substance of claim 3. *See* Dkt. 37 at 2. Therefore, the Court GRANTS these aforementioned requests.

Respondent opposes Petitioner's two other requests that the Court conduct a de novo review of the claims 1, 6 and 12, and that claim 8 be reinstated. *See id.* at 2-3. First, as to Petitioner's request for a de novo review, Respondent states as follows:

> The petition in this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, a federal habeas court may not review claims brought by a state petitioner in the first instance. "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court."). Further, under AEDPA, a federal court has no authority to grant habeas relief unless the state court's ruling was "contrary to, or involved an unreasonable application of," Supreme Court law that was "clearly established" at the time the state court adjudicated the claim on the merits. 28 U.S.C. § 2254(d)(1); *see Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (a federal habeas court must impose a "highly deferential" standard of review when evaluating state court rulings which "demands that state court decisions be given the benefit of the doubt"). Petitioner's request that the Court apply de novo review to three of the claims in his petition should accordingly be denied.

*Id.* at 2. The Court agrees with Respondent, and thus it DENIES Petitioner's request for the Court to conduct a de novo review of the claims 1, 6 and 12. Next, as to Petitioner's request that claim 8 be reinstated, Respondent opposes such a request because "Petitioner concedes that claim 8 concerns only state law instructional error, and does not raise a federal constitutional claim." *Id.* at 2 (citing Dkt. 33 at 2). The Court notes that in the March 11, 2019 Order, Magistrate Judge Illman dismissed claim 8 upon finding that it only involved issues of state law and failed to raise a cognizable federal claim, stating as follows: "Claim 8 discusses jury instruction error pursuant to state law and does not raise a federal jury instruction claim nor was a federal jury instruction claim exhausted." Dkt. 32 at 2. Because Petitioner concedes that claim 8 does not implicate the federal constitution, the Court DENIES his request to reinstate claim 8.

**CONCLUSION**

For the reasons outlined above, the Court orders as follows:

1. Respondent's request for an extension of time to file his answer is GRANTED, and the parties shall abide by the briefing schedule below. Dkt. 38. The Court notes that this is the first extension in this case. The granting of regular requests for extensions should not be expected.

2. Petitioner's "Request to Amend Order for Respondent to Show Cause" is GRANTED in part and DENIED in part, as explained above. Dkt. 33.

3. The answer is due on or before **July 5, 2019**. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **twenty-eight (28) days** of his receipt of the answer. All other provisions of Magistrate Judge Illman's March 11, 2019 order to show cause remain in effect to the extent they are not inconsistent with this Order.

4. This Order terminates Docket Nos. 33 and 38.

IT IS SO ORDERED.

Dated: June 14, 2019

_____
YVONNE GONZALEZ ROGERS
United States District Judge