UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LLOYD HOWARD,<br><br>Petitioner,<br><br>v.<br><br>W. SULLIVAN, Acting Warden,<br><br>Respondents. | Case No. 16-cv-04759-YGR (PR)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION TO STAY; DENYING RESPONDENT'S MOTION TO DISMISS WITHOUT PREJUDICE TO REFILING; STAYING HABEAS PROCEEDINGS, DIRECTING PETITIONER TO FILE QUARTERLY STATUS REPORTS; AND DIRECTING CLERK TO ADMINISTRATIVELY CLOSE CASE UNTIL COURT ISSUES ORDER LIFTING STAY** |

Petitioner, a state prisoner, proceeds with a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Before the Court is Respondent's motion to dismiss certain sub-claims of the petition. Dkt. 41. Also before the Court is Petitioner's motion to stay proceedings. Dkt. 52.

In Petitioner's motion to stay, he contends that he is currently "out to court" on his resentencing petition in state court, and that he expects to "be back and forth between county and state custody" until his state petition is resolved. *Id.* at 1. Petitioner explains that his resentencing petition is pursuant to California Penal Code § 1170.95, which provides that a petitioner who has been convicted of felony murder or murder under a natural and probable consequences theory may be entitled to resentencing if certain conditions are met. *See* Dkt. 45 (citing Cal. Penal Code § 1170.95). Petitioner notes that he has had to submit multiple change-of-address notifications to this Court, and expects to have to submit "numerous more notifications in short spans of time." Dkt. 52 at 1-2. Furthermore, he notes that "at short spans of time [he is] with or without [his] property," including his legal papers. *Id.* at 2. He also contends that his resentencing petition is relevant to the instant petition. *Id*. Based on these circumstances, he asks for an indefinite stay, or, alternatively, a stay until his resentencing petition is resolved by the state superior court. *Id.*

On February 3, 2020, Respondent filed a "Statement of Non-Opposition to [Petitioner's] Motion for a Limited Stay of Proceedings." Dkt. 54. Respondent states that while he opposes an

indefinite stay, he does not oppose a *limited* stay, stating as follows:

> Although petitioner has no pending filing deadlines in this Court, we presume that he is concerned about delays in receiving and responding to any filings that may occur during his uncertain housing situation, i.e., an order on the motion to dismiss and briefing schedule for the answer and traverse on the remaining claims. Based on this stated reason, we do not oppose a limited stay until petitioner's resentencing petition is resolved by the state superior court. We ask that petitioner be ordered to file updates with the Court every 60 days on the progress of his state petition, and to notify the Court immediately upon resolution of the petition by the state superior court, at which point the stay should be lifted.

*Id.* at 54.

Here, it appears that good cause exists for the Court to grant a limited stay of the habeas proceedings, but not an indefinite stay. Accordingly, the Court GRANTS in part and DENIES in part Petitioner's request for a stay. Dkt. 52. These proceedings are hereby STAYED pending the resolution of Petitioner's resentencing petition by the state superior court. Petitioner must file quarterly reports describing the progress of his state court proceedings, commencing **twenty-eight (28) days** from the date of this Order and continuing every **ninety (90) days** thereafter until his resentencing petition is resolved by the state superior court. He must also attach to his status reports copies of the cover page of any document that he files with or receives from the state courts relating to his resentencing petition.

The Clerk of the Court shall ADMINISTRATIVELY CLOSE the file pending the stay of this action. Nothing further will take place in this action until Petitioner receives a decision by the state superior court stating that his resentencing petition is resolved and, within **twenty-eight (28) days** of doing so, moves to reopen the action, lift the Court's stay and amend the stayed petition, if necessary.

Respondent's pending motion to dismiss is DENIED without prejudice to refiling after the stay is lifted and the case is reopened. Dkt. 41.

This Order terminates Docket Nos. 41 and 52.

IT IS SO ORDERED.

Dated: March 3, 2020

YVONNE GONZALEZ ROGERS
United States District Judge

2